UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH E. MACON,<br>    Plaintiff, | :<br>:<br>: |
| v. | : Case No: 3:05cv1721 (PCD) |
| | : |
| UNITED STATES OF AMERICA and<br>THE STATE OF CONNECTICUT,<br>    Defendants. | :<br>:<br>: |

## RULING ON MOTION TO DISMISS

Plaintiff brings this suit pursuant to 28 U.S.C. § 1983, claiming that he was arrested without just cause, handcuffed, and severely beaten while incarcerated in state prison. Plaintiff alleges that he was subjected to this treatment on account of his race.  Plaintiff also claims that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); Title II, 42 U.S.C. § 3789d(c); and 42 U.S.C. § 2000d.  As remedies, Plaintiff seeks (1) the return of all federal taxes paid since the occurrence of the events underlying this action; (2) a reprieve from any future tax liabilities; and (3) to have restored to him the life he led before the alleged events took place.  Defendant United States of America (the "United States") moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all claims against it in this action.  For the reasons stated herein, the United States' Motion to Dismiss [Doc. No. 10] is **granted** and Plaintiff's Motion to Quash [Doc. No. 15] is **denied**.

**I.    BACKGROUND**[1]

---

[1]    A court considering a motion to dismiss under Rules 12(b)(1) or 12(b)(6) must accept the facts alleged in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). Accordingly, the statement of facts that follows is derived solely from Plaintiffs' Complaint.

Plaintiff, a *pro se* litigant, filed the Complaint in this action on November 19, 2005. In his Complaint, Plaintiff alleges that he was arrested without probable cause, handcuffed, and beaten "while under the protection of the State of Connecticut," although he had not committed a crime. (Compl. at 3.) Plaintiff suffered injuries as a result of the beating and was not afforded medical care. (Id.) Plaintiff contends that these actions constitute genocide. (Id.) Plaintiff asserts that the United States is "suppose[d] to protect it[s] citizens," and that taxes are paid for such protection. (Id.)

## II.   STANDARD OF REVIEW

The function of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 776 (2d Cir. 1984) (citation omitted). Therefore, when considering such a motion, the court must accept the facts alleged in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Dismissal of a complaint under Rule 12(b)(6) is inappropriate unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." I. Meyer Pincus & Associates v. Oppenheimer & Co., 936 F.2d 759, 762 (2d Cir.1991); see also Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996) (Courts should not grant a Rule 12(b)(6) motion to dismiss merely because recovery seems unlikely or remote, as "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). Where, as here, a plaintiff is proceeding *pro se*, "a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." Shakur v. Selsky, 391 F.3d 106, 113 (2d Cir. 2004) (citation

omitted).

## III.    DISCUSSION

### A.    Statute of Limitations

In his Complaint, Plaintiff failed to specify the date on which the relevant events occurred. In a separate suit brought against the Hartford Police Department and filed in this District on April 28, 2003, Plaintiff brought seemingly identical claims. Specifically, he claimed that in 1969, certain members of the Hartford Police Department arrested and handcuffed him without probable cause. See Ruling on Mot. Dismiss at 1, Macon v. Hartford Police Dep't, No. 3:03cv750 (AVC) (D. Conn. Oct. 14, 2003). Plaintiff further claimed that the police officers brutally assaulted him while he was handcuffed, thereby causing him to suffer severe injuries. (Id.) As in this action, Plaintiff alleged in that action that the officers' actions violated 42 U.S.C. § 1983, 42 U.S.C. § 3789d(c), and 42 U.S.C. § 2000d, and requested damages. (Id. at 1, 3.) Judge Covello dismissed the first action on the ground that Plaintiff's § 1983 and 42 U.S.C. § 2000d claims were barred by the applicable statute of limitations, Conn. Gen. Stat. § 52-577,[2] and that the complaint failed to state a claim for relief pursuant to 42 U.S.C. § 3789d.[3] (Id. at 2-5.)

---

[2] In Connecticut, the statute of limitations applicable to claims brought under 42 U.S.C. § 1983 is Conn. Gen. Stat. § 52-577, Lounsberry v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994), which provides that a § 1983 claim must be brought within three years of its accrual, see Walker v. Jastremski, 159 F.3d 117, 119 (2d Cir. 1998). This statute of limitations also applies to state law intentional tort claims and claims brought pursuant to 42 U.S.C. § 2000d. See Egerdahl v. Hibling Cmty. Coll., 72 F.3d 615, 618 (8th Cir. 1995).

[3] 42 U.S.C. § 3789d proscribes States from discriminating against members of certain protected classes in the administering of programs or activities funded in whole or in part by the federal government. When dismissing Plaintiff's § 3789d claim in the first action, Judge Covello noted that nothing in Plaintiff's complaint indicated that federal funds were supplied to the Hartford Police Department in 1969. See Ruling on Mot. Dismiss at 4.

On February 10, 2004, Plaintiff appealed the dismissal of the first action to the Second Circuit. The Second Circuit determined *sua sponte* that it lacked jurisdiction over the matter because the notice of appeal was untimely under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, and dismissed the appeal. See Mandate, Macon v. Hartford Police Dep't, No. 04-0783-cv (2d Cir. May 20, 2004). On September 8, 2004, Plaintiff petitioned the Supreme Court for a writ of certiorari, but was denied review on November 4, 2004.

It appears that the Complaint in this action can be dismissed on the same grounds as in the prior action. Moreover, unless the first action was based on a different set of events—which does not seem likely—the instant action is also barred by the principle of collateral estoppel.

Collateral estoppel applies, and bars a party from relitigating an issue determined against that party in an earlier action, when: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." Uzdavines v. Weeks Marine, Inc., 418 F.3d 138, 146 (2d Cir. 2005) (citations and internal quotation marks omitted). Even though the defendants in this action were not parties to the earlier action, they can, under the principle of non-mutual collateral estoppel, invoke the doctrine defensively to prevent Plaintiff from asserting a claim which it had previously tried and lost against another defendant. Drescher v. Hoffman Motors Corp., 585 F. Supp. 555, 557 (D. Conn. 1984) (citing Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S. Ct. 1434, 28 L. Ed. 2d 788 (1971)). Plaintiff appears to be attempting to relitigate his previously dismissed claims against new defendants, namely the United States and the State of Connecticut, but he is estopped from doing

4

so because the prior dismissal was based on his failure to file an action within the relevant statute of limitations. See 18A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4441 (2d ed. 2005) (noting that "[s]everal federal decisions follow the clearly correct rule that dismissal of a prior action as barred by the statute of limitations precludes a second action on the same claim in the system of courts"). As such, Plaintiff's Complaint is dismissed.

### B. Claims Against the United States

Plaintiff's factual allegations are directed toward the State of Connecticut and jurisdiction is asserted pursuant to § 1983. Plaintiff fails to set forth any specific facts, however, supporting a suit against the United States or alleging their involvement in the alleged constitutional deprivation. Moreover, Plaintiff offers no facts linking the United States to the alleged arrest without probable cause, handcuffing, and beating. Plaintiff's only allegation against the United States is that it is "suppose[d] to protect it[s] citizens" and that "we pay tax[es] for that protection[]." (Compl. at 4.) This is only an unsupported conclusory allegation, and as such, is not sufficient to state a claim against the United States. Although his Complaint is liberally construed, "conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996) (internal citation and quotation marks eliminated). "In sum, because the complaint fails to provide 'the factual basis necessary to enable the Government intelligently to prepare its defense,' the claims must be dismissed under Rule 12(b)(6)." Bloom v. United States, No. 02 Civ. 2352, 2003 WL 22327163, at *5 (S.D.N.Y. Oct. 10, 2003) (quoting Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir.1977) (per curiam) (dismissing pro se complaint with no factual support

for its conclusory allegations)).  Accordingly, even if the Complaint were not dismissed on collateral estoppel grounds, Plaintiff's claims against the United States would be dismissed on the ground that he has failed to state a claim against the United States.

## IV.     CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss [Doc. No. 10] is **granted** and Plaintiff's Complaint is dismissed.  Plaintiff's Motion to Quash [Doc. No. 15], filed in opposition to the United States' Motion to Dismiss, is **denied**.[4]  If, however, Plaintiff's Complaint is based on different facts than those adjudicated in the prior proceeding before Judge Covello, Plaintiff may file, on or before November 17, 2006, an amended complaint setting forth the specific dates of the relevant events.  If Plaintiff fails to file an amended complaint on or before November 17, 2006, the Clerk shall close the case.

SO ORDERED.

Dated at New Haven, Connecticut, October  23 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court

---

[4]   Document Number 15, titled "Motion to squash and move for this case to Go under the due process clause," is identical to the document filed in opposition to Defendant's motion to dismiss, and thus, is not considered a new and independent motion.  Regardless, the document sets forth no arguments in opposition to Defendant's motion to dismiss or in support of quashing that motion, but asserts only that "the motion to dismiss should not be granted without due process."